**OMAHA TRIBE OF NEBRASKA, a Corporation, et al., Appellees,**

v.

**VILLAGE OF WALTHILL, NEBRASKA, a Municipal Corporation, et al., Appellants.**

No. 72–1002.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided June 5, 1972.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., Robert G. Scoville, South Sioux City, Neb., Ronald K. Samuelson, Pender, Neb., Clarence A. H. Meyer, Atty. Gen. of Nebraska, for appellants.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellees.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

---

PER CURIAM.

This controversy is between the Omaha Tribe of Nebraska, the Tribal Council of the Omaha Tribe and certain officers and members of the Council, as plaintiffs-appellees, and the Village of Walthill, Nebraska, Thurston County, Nebraska, the State of Nebraska, and certain village, county, and state officers, as defendants-appellants.

The dispute centers on the question of jurisdiction over crimes committed by or against Indians on the Omaha Reservation. Seeking a resolution of the problem, plaintiffs filed this action in the United States District Court for the District of Nebraska. They sought a declaration that exclusive jurisdiction over crimes committed by or against Indians is in the United States Government and the Omaha Tribe through the Federal Government, except as to offenses involving the operation of motor vehicles on public roads or highways.

Motions for summary judgment were filed by plaintiffs and defendants. The district court, Judge Robinson, granted the plaintiffs' motion and entered judgment accordingly. Defendants have brought the case here by appeal.

The controlling facts are fully detailed in the district court's opinion reported at 334 F.Supp. 823 (D.Neb.1971). Reference to the legislative enactments and ensuing action by the authorities, which are the crucial aspects of this litigation will suffice for the purpose of this opinion. In 1953, the Congress of the United States, by appropriate legislation, provided that the State of Nebraska should have jurisdiction over civil causes of action and jurisdiction over offenses committed by or against Indians on Indian reservations within the State of Nebraska to the same extent that the state had jurisdiction over other civil actions or criminal offenses. Nebraska assumed and exercised such jurisdiction. In 1968, Congress authorized the Federal Government to accept a retrocession by any state ". . . of all or any measure of the criminal or civil jurisdiction, or both, acquired by such state" (granted by 67 Stat. 588, 1953 Act). Acting pursuant to the 1968 enactment, the Nebraska Legislature adopted a resolution ceding to the Federal Government all of the criminal jurisdiction over offenses committed by or against Indians in Thurston County, except motor vehicle offenses. In October, 1970, the Secretary of Interior accepted the state's retrocession as to the Omaha Indian Reservation, but not the Winnebago Indian Reservation, also located in Thurston County, Nebraska. The partial acceptance of Indian reservations in Thurston County precipitated this controversy.

Concisely stated, defendants assert that under the 1968 Act authorizing retrocession, the Federal Government was obligated to accept all or none of the Indian country in Thurston County. They submit acceptance of only the Omaha Reservation was a nullity and consequently Nebraska retains jurisdiction over offenses committed on the Omaha Reservation. Conversely, plaintiffs vouch for the validity of the partial acceptance.

The district court fully explored every facet of the issue in a soundly reasoned opinion and convincingly demonstrated that the retrocession acceptance procedures comported with the 1968 Act and therefore exclusive jurisdiction over offenses committed on the Omaha Reservation is in the Federal Government.

We affirm on the basis of the opinion of Judge Robinson. See also United States v. Brown, 334 F.Supp. 536 (D. Neb.1971), where Judge Denney considered the identical issue and reached the same result.