STATE OF NEBRASKA, APPELLEE, v. WAYNE GOHAM, APPELLANT.

216 N. W. 2d 869

Filed April 11, 1974. No. 39350.

Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

SPENCER, J.

This appeal is from a denial of post conviction relief. The question involved is the effect of retrocession, if validly accepted, of criminal jurisdiction over Indians on the Omaha Reservation in Thurston County prior to October 25, 1970. The trial court denied relief. We affirm.

Petitioner, who was convicted of kidnapping and rape, appealed his original conviction to this court. On that appeal we held the State had not lost jurisdiction because of retrocession after the filing of the appeal. See State v. Goham (1971), 187 Neb. 34, 187 N. W. 2d 305, cert. den. 404 U. S. 1004. Subsequently, the Court of Appeals for the Eighth Circuit held the State of Nebraska had retroceded jurisdiction over the Omaha Reservation in Thurston County. Omaha Tribe of Nebraska v. Village of Walthill (1972), 460 F. 2d 1327.

Petitioner sought federal habeas corpus. His application was dismissed for failure to exhaust state remedies. Petitioner then sought leave to docket an original action for habeas corpus in this court. That application was denied without opinion April 10, 1972, because in

the interest of proper state practice and procedure we initially require a party to file a petition for a writ of habeas corpus in the state trial court. Petitioner subsequently sought post conviction relief from the District Court for Thurston County. This was denied and petitioner appeals.

The decision of the Court of Appeals for the Eighth Circuit does not have the effect of overruling the decision of this court, which held retrocession had not taken place. So far as Nebraska is concerned, retrocession is not effective until the United States Supreme Court rules otherwise.

This conflict between Nebraska and the lower federal courts on the question of retrocession has created a dilemma which can only be solved by our construction of the Nebraska retrocession resolution, assuming it to have been validly partially accepted. The question of the effect of the resolution on pending cases and crimes committed before acceptance is primarily one of state law. We should decide it in the first instance. For this reason, we undertake to construe the effect of the retrocession resolution in those situations while at the same time adhering to the position that retrocession was not validly accepted.

The question involved, therefore, is the disposition of pending cases on October 25, 1970, at 12:01 a.m., EST. It is petitioner's contention that the State of Nebraska immediately lost jurisdiction of all pending cases involving crimes on the Omaha Reservation. Petitioner's conviction was then pending on appeal in the Supreme Court. He argues his conviction must be set aside and the case dismissed because Nebraska lost jurisdiction.

It is a fundamental rule of construction that in construing statutes this court will if possible try to avoid a construction which leads to absurd, unjust, or unconscionable results. In Keller v. State (1969), 184 Neb.

853, 172 N. W. 2d 782, we held: "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it.

"The intention of the Legislature when ascertained will prevail over the literal sense of the words used and this is especially true when the strict letter of the law would lead to injustice or absurdity. In interpreting a statute the legislative intent may be found from the reason of the enactment.

"When the intent of the Legislature is clear, it is the duty of the courts to construe it in accordance with such intent. A sensible construction will be placed upon it to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent."

The rationale involved in this rule of construction does not mean the court is substituting its judgment for that of the legislative body. Rather, it is attempting to ascertain the legislative intent. It will presume the Legislature intended a sensible, just, and reasonable result rather than the opposite.

Petitioner's construction of the Nebraska retrocession resolution would divest Nebraska courts of all jurisdiction over offenses committed by Indians on the Omaha Reservation before the effective date of retrocession. Under such construction, Nebraska would be powerless to punish petitioner or others similarly situated for any offenses on convictions not final by October 25, 1970. To so hold would permit petitioner and others similarly situated to go free. It would enable them to exploit their crimes with complete impunity.

The 1953 act giving Nebraska jurisdiction, 18 U. S. C. A., section 1162, has been interpreted as making that jurisdiction exclusive. Consequently, there could

be no federal jurisdiction over offenses committed on the Omaha Reservation until October 25, 1970, at 12:01 a.m., EST. Any attempt to apply federal law to punish petitioner for his crimes would be clearly ex post facto and in violation of the federal Constitution.

Paragraph 3 of the legislative resolution provided: "That the Executive Board of the Legislative Council is hereby authorized and directed to take all necessary action to put this resolution into effect, such action to include arrangements with the Department of the Interior and the department's Bureau of Indian Affairs concerning the assumption of law enforcement responsibilities in the areas of Indian country covered by this resolution."

It is evident from the above that the Legislature did not intend to leave Indian country located in Thurston County, Nebraska, as a lawless domain. Rather, retrocession was not to become effective until responsibilities for law enforcement in the area of Indian country had been effectuated. This necessarily would include crimes committed prior to October 25, 1970, and pending cases. These could not be transferred to the federal government, so the only construction to be put upon this paragraph is that jurisdiction was to remain in Nebraska.

Even though the Legislature was dealing with a resolution and not a statute, we assume it may have been relying on section 49-301, R. R. S. 1943, which provides: "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." While this statute is not strictly applicable, it at least points the way to the general intent in similar situations.

To accept petitioner's construction of the statute would mean to equate the word "retrocede" with "aban-

don." In view of the impossibility of transferring jurisdiction over pending cases to the federal court, it is obvious the Legislature did not intend to release those cases in adopting the retrocession resolution.

Previous to the submission of the resolution a committee of the Legislature was appointed to study the problem. The report of that committee contained the following: "The committee recommends returning jurisdiction to the federal government provided the Bureau of Indian Affairs can give assurance that it will assume responsibility for the day-to-day law enforcement duties. The committee believes further study should be made on this point to insure there would not be a vacuum in enforcement if jurisdiction is returned to the federal government."

The legislative study and the resolution itself compels the conclusion the Legislature did not intend to extend a general amnesty over crimes committed previous to 12:01 a.m., EST, October 25, 1970. As Chief Justice Hughes said in Sorrells v. United States (1932), 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249: "To construe statutes so as to avoid absurd or glaringly unjust results, foreign to the legislative purpose, is, as we have seen, a traditional and appropriate function of the courts."

For the reasons stated, the State of Nebraska never intended to and did not abandon jurisdiction over crimes committed on the Omaha Indian Reservation prior to 12:01 a.m. EST, October 25, 1970, the time of the alleged acceptance of retrocession.

For the reasons given, petitioner's post conviction relief was properly denied and the judgment is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.