STATE OF NEBRASKA, APPELLEE, v. GARY LYNN SALTZMAN, APPELLANT.

233 N. W. 2d 914

Filed October 16, 1975. No. 39937.

Mark T. Starr, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-Cown, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

McCOWN, J.

The defendant, Gary Lynn Saltzman, was charged with unlawfully taking away, holding, or imprisoning a police officer against his will for the purpose of compelling the performance of an act by such officer in violation of the kidnapping statute, section 28-417, R. S. Supp., 1974. The defendant was found guilty by a jury and the District Court sentenced him to a term of 5 to 15 years imprisonment.

On October 27, 1974, the defendant Saltzman and his codefendant, Billy Boyce, spent several hours of the afternoon and evening drinking together in Blair, Nebraska. The defendant Saltzman was carrying a loaded gun during the drinking bout. Their conversation finally reached the point where the two men decided to "get" the county prosecutor, Roy Anderson, and "pay him back" for everything he had ever done to them. They didn't know where Anderson lived. They made some efforts by telephone to obtain the information, but were

unsuccessful. They continued drinking and ultimately decided that any policeman would know where the prosecutor lived. Shortly after 11 p.m., by arrangement between them, they waited at the entrance to an alley near the police station until they saw an officer get into the police cruiser. Saltzman then called and motioned to the officer and the officer drove the cruiser over to the alley where Saltzman was and got out of the cruiser. As Saltzman began a conversation with the officer, Boyce, who by now had Saltzman's gun, came up behind the officer and put the gun in the officer's back. They asked the officer where the county prosecutor lived. The officer was new in town and had been on the police force less than 2 weeks. He told them he did not know where the prosecutor lived. They took the officer's service revolver and made him get into the police cruiser. They got into the cruiser also, each holding a gun on the officer, and Boyce drove out of town and several miles into the country. While they were in the cruiser and holding the guns on the officer, they again demanded to know where the county prosecutor lived, and they wanted the officer to take them there. Boyce threatened to shoot the officer. The officer testified that both of them said they were going to kill the county prosecutor. The officer finally convinced them that he did not know where the county prosecutor lived. They then got out of the car, handcuffed the officer with his hands behind his back, threatened him again at gunpoint, and drove away. The two men drove the cruiser a short distance further and abandoned it. They set off on foot and spent the night in the field. The next day they walked back into Blair and turned themselves in to law enforcement officers.

Saltzman and Boyce were tried together after denial of Saltzman's motion for a separate trial. Statements by each of the defendants were admitted into evidence with admonition by the court that each statement was to be considered only against the defendant making it.

Both Saltzman and Boyce testified at the trial. The statements and the testimony of both defendants as to their actions were substantially identical. The jury found both defendants guilty and each was sentenced to 5 to 15 years imprisonment. The appeals in this court were separately docketed, briefed, and argued.

The defendant Saltzman first contends that either his motion for a separate trial should have been granted, or his objection to the introduction in evidence of the written statement of Boyce should have been sustained. The offense charged against each defendant was based on the same act or transaction and the cases could be properly consolidated for trial, in the absence of a showing that one of the defendants would be prejudiced by the consolidation. See § 29-2002, R. R. S. 1943.

In the absence of a showing of prejudice to a defendant, consolidation of criminal prosecutions for trial is proper where the defendants participated in the same series of acts or transactions constituting the offense charged. The ruling of the District Court on a motion for consolidation under such circumstances will not be disturbed on appeal in the absence of an abuse of discretion. See, State v. Shiller, 191 Neb. 291, 214 N. W. 2d 616; State v. Shimp, 190 Neb. 137, 206 N. W. 2d 627. There was no showing here of any prejudice caused by the consolidation.

The defendant contends also that the written statement of Boyce was erroneously admitted in the joint trial, even though the jury was admonished to consider it only against Boyce. The defendant relies on Bruton v. United States, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476.

Bruton holds that the admission of a codefendant's statement inculpating another defendant at a joint trial constitutes error where the declarant codefendant did not take the stand, even though the trial court gave clear, concise, and understandable instructions that the statement could only be used against the declarant and

must be disregarded with respect to the other defendant. The denial of the right of confrontation and cross-examination resulting from the declarant codefendant's failure to take the witness stand is the basic foundation for Bruton.

In the context of the case before us, if Boyce had failed to take the witness stand, the admission of his statement inculpating the defendant would have been error. In a joint trial it was error to admit Boyce' statement into evidence at a time when Boyce had not taken the stand. That error, however, does not become irretrievably prejudicial. Neither does every admission of inadmissible evidence constitute reversible error. In some cases the improper admission of a codefendant's statement in violation of the Bruton rule may be harmless error. Harrington v. California, 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. 2d 284; Schneble v. Florida, 405 U. S. 427, 92 S. Ct. 1056, 31 L. Ed. 2d 340. In the case before us, however, it is not necessary to determine whether or not the error was harmless since the Bruton rule is not applicable.

The confrontation clause is not violated by admitting a codefendant declarant's out-of-court statements, so long as the declarant is testifying as a witness and is or has been subject to full and effective cross-examination. See, California v. Green, 399 U. S. 149, 90 S. Ct. 1930, 26 L. Ed. 2d 489; McDonnell v. United States, 472 F. 2d 1153 (8th Cir., 1973), cert. den. 412 U. S. 942, 93 S. Ct. 2785, 37 L. Ed. 2d 402.

In a joint trial, where an out-of-court hearsay statement of one defendant inculpating a codefendant is admitted in the prosecution's case-in-chief, the subsequent in-court testimony of the one who made the statement is sufficient to afford the prejudiced codefendant his right to full and effective confrontation and cross-examination, and the Bruton rule becomes inapplicable. See, Nelson v. O'Neil, 402 U. S. 622, 91 S. Ct. 1723, 29 L. Ed. 2d 222; United States v. Maddox, 492 F. 2d 104 (5th Cir.,

1974). Under such circumstances instructions to the jury that the statement is to be considered only against the declarant is sufficient to protect the nondeclarant against prejudice so that the evidence can be admitted against the declarant. United States v. Maddox, *supra*.

It is obvious that the Bruton rule requires a prosecutor to make advance determinations regarding joint or separate trials where statements by one defendant inculpating a codefendant are critical to the case. That choice ought to be made without reliance upon any assumptions or assurances that any particular defendant will take the stand and testify.

Saltzman's remaining assignments of error center on the argument that the word "act" was improperly defined in the instructions to the jury, and that section 28-417, R. S. Supp., 1974, is unconstitutional because it uses the term "any act" and is therefore vague and overbroad.

The applicable portion of section 28-417, R. S. Supp., 1974, provides: "Whoever shall unlawfully carry off or decoy, entice away, secrete, imprison, or otherwise hold against his will any person, * * * for the purpose of compelling the performance of any act by such person or by any other person, association or corporation, shall upon conviction be imprisoned in the Nebraska Penal and Correctional Complex for not less than three nor more than fifty years."

Saltzman requested that the jury be instructed that "talking or the oral disclosure of information is not an act." The trial court refused the instruction and instead instructed the jury that an act is "A thing done." Saltzman contends that such a definition is too broad, and that the statute is vague and unconstitutional. He conjures up a parade of imaginary examples in an effort to support the contention that a penal statute must be strictly construed and cannot be applied to situations or parties not clearly within its provisions.

We find no support for the defendant's contention that

the giving of specific information under compulsion is not "an act," regardless of the physical method by which it is given. The act of speaking is as much an "act" as is the writing of a ransom note. The proscribed acts which constitute the crime of kidnapping are set out in the statute in specific and definite terms. When those acts are done "for the purpose of compelling the performance of any act" by the victim or any other person, the essential elements of the crime are complete. In such a context, it is obvious that the Legislature intended a broad and comprehensive application of the term "any act." It is a fundamental rule of statutory construction that, if possible, a court will try to avoid a construction which leads to absurd, unjust, or unconscionable results. A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. State v. Goham, 191 Neb. 639, 216 N. W. 2d 869; Keller v. State, 184 Neb. 853, 172 N. W. 2d 782.

It is a fundamental requirement of due process of law that a criminal statute be reasonably clear and definite. State v. Green, 182 Neb. 615, 156 N. W. 2d 724. The statute here is sufficiently clear that a person of ordinary intelligence has fair notice of exactly what is forbidden. The actions of the defendant were clearly prohibited under any reasonable construction of the statute. Although hypothetical factual situations might be imagined where the application of the statute might raise constitutional issues, such imaginary factual situations do not help the defendant, nor make the statute unconstitutional.

The evidence here was more than sufficient to establish that the defendant was guilty of the crime charged. The judgment of the District Court was correct and is affirmed.

AFFIRMED.