STATE OF NEBRASKA, APPELLEE, v. CHARLES LYNN EDWARDS, APPELLANT.

248 N. W. 2d 775

Filed January 12, 1977. No. 40744.

Harley W. Shaver of Canges & Shaver, and Joseph Saint-Veltri of Davies & Saint-Veltri, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and CANIGLIA and COADY, District Judges.

NEWTON, J.

The defendant was found guilty by a jury on a charge of possession of marijuana with intent to distribute, deliver, or dispense it. Three assignments of error are presented dealing with denial of a motion for a separate trial, insufficiency of the evidence, and an alleged illegal search and seizure. We affirm the judgment of the District Court.

The marijuana was contained in a suitcase shipped at the Grand Island, Nebraska, airport by an individual giving a nonexistent address and apparently a false name. It was to be forwarded to Lyle Pelton, Jr., at North Platte, Nebraska. An employee at the Grand Island airport noticed the odor of marijuana emanating from the suitcase and opened it. On observing the marijuana a law officer was called, the suitcase reopened by an airport employee, and its contents displayed to the officer who noted and wrote down the information on the attached tag. The suitcase was then forwarded to North Platte the following day and two officers were alerted to watch for its arrival. In North Platte it was again opened by an airport employee and its contents were inspected by the employee and a law officer who marked the suitcase and watched it until

its later seizure. The defendant Edwards called at the airport and asked for a suitcase that had come in from Grand Island for Lyle Pelton. The suitcase was produced and defendant was asked if he was Mr. Pelton. Defendant said he was not and was then advised that Mr. Pelton would have to pick it up as the manner of shipping required identification on delivery. Edwards asked the employee to phone Pelton as he was at work and was advised that it could only be delivered to Pelton on a proper showing of identification. Edwards left and later returned with Pelton; Pelton went in, obtained the suitcase, and placed it in Edwards' van. They drove to the home of Edwards' parents where they were arrested and the suitcase seized.

Edwards did not testify at his joint trial with Pelton, but Pelton did testify. Pelton's evidence was that on Sunday, May 11, 1975, the day of the arrest, he was in bed when Edwards stopped at his home and asked him to go with him to get the suitcase. Pelton denied any knowledge of its contents, contending Edwards, who was a railroad brakeman making regular trips to or through Grand Island, had told him it contained some clothes of Edwards. Pelton's father also testified and stated that Edwards had said they were going to pick up a suitcase of his, Edwards'. Both men were convicted.

Defendant's contention that the seizure occurred on removal of the suitcase from Edwards' van is incorrect. Since the search was made by an employee at the airport and not by a law officer, the search was valid. In United States v. Ford, 525 F. 2d 1308 (10th Cir., 1975), it was held in an identical case: "Realistically, the contraband was seized by the officers in California before it was ever shipped to Oklahoma. See United States v. DeBerry, 487 F. 2d 448 (2d Cir. 1973). The California officers marked the package and placed a business card inside it. Upon receiving assurances of cooperation from Oklahoma City officers, they authorized

its shipment. This action constituted the initial act of control and dominion over the contraband, for without government authorization the airline officials could not have shipped the contraband. This official dominion continued unbroken because close surveillance followed the seized contraband, insuring that it remain within official possession. Actual physical control was in fact reasserted by the Oklahoma City police when the arrest process was completed. These material facts are indistinguishable from DeBerry, supra, and we adopt the analysis of that case in concluding that the official seizure of the contraband occurred in San Francisco when the government asserted dominion over it. The seizure must be judged against the Fourth Amendment as of that time and place. * * *

"The search was private, and the ensuing warrantless seizure was made upon probable cause under exigent circumstances. Neither the search nor the seizure violated appellant's Fourth Amendment rights."

Defendants had each moved for separate trials and the motions were denied. Section 29-2002, R. R. S. 1943, authorizes joint trials where the defendants are charged with acts based on the same act or transaction, as here, unless prejudice appears. In this instance the defendants were represented by different counsel and no confession or statement of either defendant was introduced in evidence. We have frequently held that: "The ruling of the trial court upon a severance of criminal prosecutions properly joined in a single indictment, information, or complaint will not be disturbed on appeal, in the absence of an abuse of discretion." State v. Micek, 193 Neb. 379, 227 N. W. 2d 409. This record does not reflect that any evidence was introduced in support of the motion for severance or any prejudice shown to defendant Edwards. Defendant asserts that prejudice developed during the trial due to Pelton's testimony. In State v. Saltzman, 194 Neb. 525, 233 N. W. 2d 914, a statement of one defendant was admitted in

evidence. We there held: "The confrontation clause is not violated by admitting a codefendant declarant's out-of-court statement, so long as the declarant is testifying as a witness and is or has been subject to full and effective cross-examination. * * *

"In a joint trial, where an out-of-court hearsay statement of one defendant inculpating a codefendant is admitted in the prosecution's case-in-chief, the subsequent in-court testimony of the one who made the statement is sufficient to afford the prejudiced codefendant his right to full and effective confrontation and cross-examination, and the Bruton rule becomes inapplicable." In this instance Pelton testified and was subjected to cross-examination. His testimony cannot be subjected to any limitation not also applicable to a previously executed written statement. We conclude that the rights of the defendant Edwards were not prejudiced and no abuse of discretion occurred.

The final question pertains to the sufficiency of the evidence to sustain the conviction. The evidence reflects that Edwards attempted to claim the suitcase at the airport and persisted by requesting the employee in charge to call Pelton whom he stated was at work. This was a falsehood as the day was a Sunday and Pelton was home in bed. Apparently Pelton had not requested Edwards to get the suitcase, but, on the contrary, soon after Edwards failed to obtain delivery, he called and picked up Pelton and took him to the airport with the request that he obtain delivery of the suitcase. This Pelton did. There is also the evidence of Pelton's father that Edwards told him they were going to the airport "and pick up my suitcase." There was also further evidence that Edwards was frequently in Grand Island, the source of the shipment, and had told Pelton that he was having some clothes forwarded and that he had sent a suitcase which was at the airport. "Proof of guilty knowledge may be made by evidence of acts, declarations, or conduct of the ac-

cused from which the inference may be fairly drawn that he knew of the existence and nature of the narcotics at the time and place where they were found." State v. Torrence, 192 Neb. 720, 224 N. W. 2d 177. There is evidence which, if accepted by the jury, was sufficient to sustain a finding that Edwards was aware of the contents of the suitcase and at least a part-owner of the marijuana. We have held that: "In determining the sufficiency of evidence to sustain a conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. * * *

"The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it." State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650. We find the evidence sustains the verdict.

The judgment of the District Court is affirmed.

AFFIRMED.