REQUESTED BY: Bernard L. McNary, Boone County Attorney, Box 26, Albion, Nebraska, 68620.
1. What is the county's responsibility to reestablish lost government corners, if requested to do so by a land developer?
2. What, if any, obligation does the county have to build a road system for the developer?
3. Can the developer alone or in conjunction with others force the county to build the roads for him? How? Can the county refuse to build such a road system or require the developer and/or his purchasers to pay for any such roads construed by the county? What would be the legal grounds and authority for the county's action in such cases?
4. What if the developer sells off various strategic pieces of land and has the new owners petition the County Board for roads as isolated landowners? What are the county's rights and responsibilities in such instances?
5. Is a person an isolated landowner if his land abuts an unopened county road?
6. How much land must an isolated landowner own before the county is required to provide him a road?
1. The county's responsibility to reestablish lost government corners under the circumstances that you describe is fixed by section 23-1909, R.R.S. 1943.
2. The county has no responsibility to build and finance a road system for the developer under the circumstances that you describe.
3. No.
4. Under the circumstances that you describe, the developer could not create an isolated tract of land. The developer or a purchaser from that developer or a purchaser from that developer would retain an implied easement to a public road.
5. An `unopened' county road has no status as a road whatsoever in determining whether a tract of land is isolated.
6. The isolated tract should be large enough to be at least equal in value to the cost of the construction of the road and the resultant damage to abutting property.
You have related a situation wherein a developer has purchased a large ranch and in order to facilitate the sale of component 40 acre tracts of that ranch, has requested that the county survey his property to reestablish lost section corners. The developer could, by virtue of 23-1909
R.R.S. 1943, petition the county surveyor to make or cause to be made such a survey.
We can find no statute which requires the county to build such a road system under the circumstances that you describe. Section 39-1410 R.R.S. 1943 allows the county to open section line roads whenever the public good requires such a road. Under the circumstances you present, the roads to be opened would be of little or no value to the general public and could, in fact, present the county with a near ruinous financial obligation. The county's obligation to open and develop roads must be based on the promotion of the general welfare of the public. Section 39-2115 R.R.S. 1943, requiring the county to file a six year plan, provides as follows:
 ". . . each county . . . shall develop and file with the Board of Classifications and Standards a long range, six-year plan of highway, road, and street improvements based upon priority of needs and calculated to contribute to the orderly development of an integrated statewide system of highways, roads and streets." (Emphasis supplied.)
The priority of need assigned to a road system which would benefit so few people, would arguably be very low, and hence, the obligation on the County Board to open such a road would be slight.
 "In Howard v. Board of Supervisors, 54 Neb. 443, it was held: `The propriety or necessity of opening and working a section line road is committed to the discretion of the county board, and its decision is not subject to review'. In Otto v. Conroy, 76 Neb. 517, it was held that the action of the county board in their decision of the expediency of establishing a public road was not subject to judicial review. Although both cases cited apply the rule to public roads established upon section lines, the rule is equally applicable to any proposed road, and the courts have no more right to interfere by injunction than by an appeal from the decision of the county board."
The developer could attempt to form a Rural Road Improvement District as authorized by 39-1640 et seq., R.R.S. 1943. The ultimate decision to establish such a road system, however, would be vested in the discretion of the County Board, there being no mandatory ministerial duty to establish new roads, even upon petition. State ex rel.Stansbery v. Schwasinger, ___ Neb. ___, ___N.W.2d ___.
The County Board has adequate legal grounds to support its decision to refuse to open the roads that you describe. If the costs of such an undertaking would be disproportionate to the benefits to be derived, and the unavailability of funds could cause a disruption in the financial ability of the county to adequately care for the public road system already in existence, in our opinion, the discretion of the Board, in its decision not to open the roads, could not be reversed by legal action.
If the County Board decided to allow the formation of the Rural Road Improvement District, the Board could place at least a portion of the cost of the road on the developer and his purchasers. Section 39-1647 R.R.S. 1943 allows the county to specially assess property within the improvement district `for the amount that it is specially benefited'.
Under the circumstances that you describe, we are of the opinion that the developer could not create an isolated tract of land and thereby force the county to build a public road to that tract.
Section 39-1713 R.R.S. 1943 provides as follows:
 "When any person shall present to the county board an affidavit satisfying it (1) that he is the owner of the real estate described therein located within the county, (2) that the same is shut out from all public roads, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water, (3) that he is unable to purchase from any of such persons the right-of-way over or through the same to a public road or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased by him, and (4) asking that a public road be laid out in accordance with section 39-1716, the county board shall appoint a time and place for hearing the matter, which hearing shall be not less than ten days nor more than thirty days after the receipt of such affidavit. The application for such road may be included in a separate petition instead of in such affidavit."
The developer, in the situation that you pose, or a purchaser of a strategic tract of land from the developer would not meet the requirements of paragraph 2 of section39-1713 because they would have access to a public way. The developer or his purchaser would have an implied easement over the surrounding land.
 "A way of necessity is an easement founded on an implied grant or implied reservation. It arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers. In such a situation there is an implied grant of a way across the grantor's remaining land to the part conveyed, or conversely, an implied reservation of a way to the grantor's remaining land across the portion of the land conveyed. The order in which two parcels of lands are conveyed makes no difference in determining whether there is a right of way by necessity appurtenant to either." 25 Am.Jur.2d 447, Easements and Licenses, § 34.
 "Where a conveyance is made of realty separated from the highway by other realty of the grantor or surrounded by his realty, or by his and that of third persons, there arises by implication, in favor of the grantee, a way of necessity across the said premises of the grantor to the highway." Hansen v. Smikahl, 173 Neb. 309, 113 N.W.2d 210 (1962).
The county has no responsibility to provide either the developer or a purchaser from the developer a public road unless in the opinion of the County Board, such a road would be of benefit to the public.
In answering your question number five, we assume that the land in question does not abut a public road in another direction. We are of the opinion that an unopened county road is not a public road as that term is used in section39-1713 et seq. R.R.S. 1943, in fact, that an `unopened county road' has no status as a road whatsoever in determining whether a tract of land is isolated. `Road' is defined by section 39-1302(21) R.R.S. 1943 as follows:
 "Road shall mean a public way for the purposes of vehicular travel, including the entire area within the right-of-way. . ."
An `unopened' county road could not fall within this definition.
Sections 39-1713 et seq. R.R.S. 1943, provides no guidance as to the size of the land necessary to require construction of a public access road.
 "In construing a statute, the courts must look to the object to be accomplished, the evils and mischief sought to be remedied or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than defeat it." State v. Goham, 191 Neb. 639, 216 N.W.2d 869 (1974).
Reasonably interpreting 39-1713, R.R.S. 1943, it would seem that the land in question should be large enough to be at least equal in value to the cost of the road and the resulting damage to abutting property. The requisite size of such an isolated tract would thereby vary according to its location, the difficulty and hence expense of constructing an access road, and the value of the surrounding property through which the access road would pass.