**Dennis TYNDALL, Appellant,**

v.

**Frank GUNTER, Appellee.**

No. 87–1648.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1987.

Decided March 3, 1988.

Dorothy Walker, Lincoln, Neb., for appellant.

Laura L. Freppel, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

The district court,[1] adopting the magistrate's[2] thorough, well-developed report and recommendation, denied Dennis Tyndall's application for a writ of habeas corpus under 28 U.S.C. § 2254 (1987) alleging a jurisdictional defect in his Nebraska state court conviction. We affirm.

On July 26, 1969, a woman was kidnapped and raped on the Omaha Indian Tribe Reservation in Thurston County, Nebraska. Tyndall and one Wayne Goham, both members of the Omaha Indian Tribe, were charged with kidnapping and rape as a result of this incident. Goham was convicted of those offenses in March of 1970. *See State v. Goham,* 187 Neb. 35, 187 N.W.2d 305 (1971). Tyndall was convicted of kidnapping and rape on October 15, 1970, and was sentenced on October 26, 1970.

On April 16, 1969, acting pursuant to 25 U.S.C. § 1323, the Nebraska Legislature adopted Legislative Resolution 37, which retroceded to the United States jurisdiction over crimes committed by or against Indians on the Omaha and Winnebago Reservations in Nebraska. This jurisdiction was originally ceded to Nebraska by the United States in 1953 pursuant to 18 U.S.C. § 1162(a) (1953). The retrocession became effective as to the Omaha Reservation on October 25, 1970. Accordingly, Tyndall argues that he was denied his right to due process of law under the fourteenth amendment inasmuch as the trial court had been deprived of jurisdiction one day prior to his sentencing.

The validity of the retrocession is a question of federal law and has already been confirmed by federal courts. *See Omaha Tribe of Nebraska v. Village of Walthill,* 334 F.Supp. 823, 831, 835 (D.Neb.1971), *aff'd,* 460 F.2d 1327 (8th Cir.1972), *cert. denied,* 409 U.S. 1107, 93 S.Ct. 898, 34 L.Ed.2d 687 (1973); *United States v. Brown,* 334 F.Supp. 536, 540 (D.Neb.1971). However, the substance of what Nebraska retroceded, or more specifically, what Nebraska did with the criminal cases pending in its courts, is a question of state law. *See Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *Garner v. Louisiana,* 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961); *see also Chapman v. California,* 423 F.2d 682, 683 (9th Cir.) ("[w]hether the State waived jurisdiction [by turning a prisoner over to a federal agency] is a question of state law"), *cert. denied,* 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970). Furthermore, the federal courts are bound by the interpretation of state law by that state's highest court. *See, e.g., Wainwright v. Goode,* 464 U.S. 78, 84, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983).

In *State v. Goham,* 191 Neb. 639, 216 N.W.2d 869 (1974), the Nebraska Supreme Court ruled that in adopting Resolution No. 37 the Nebraska Legislature did not intend to relinquish Nebraska's jurisdiction over pending criminal matters.

Tyndall argues that *Walthill,* 334 F.Supp. 823, and *Brown,* 334 F.Supp. 536, compel a different result. In deciding a jurisdictional dispute between Nebraska and the United States, *Walthill* and *Brown* held that the retrocession had been effective and that the federal government had exclusive jurisdiction over all crimes committed on the reservation after the effectiveness of the retrocession by the federal government. *Walthill,* 334 F.Supp. at 838; *Brown,* 334 F.Supp. at 543. Neither of these cases, however, addressed the issue of jurisdiction over crimes committed prior to October 25, 1970. Because that issue has been conclusively resolved against Tyn-

---

**1.** The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

**2.** The Honorable David L. Piester, United States Magistrate for the District of Nebraska.

dall by the Nebraska Supreme Court, Tyndall's argument fails.

We are also unpersuaded by Tyndall's argument that because this case involves Indians and crimes committed on a reservation, the issues are governed by federal law. Prior to the retrocession, the federal government had no interest whatsoever in those crimes, and it is settled that the federal government may grant to the states the authority to regulate matters involving Indians, including criminal offenses. *See Washington v. Confederated Bands and Tribes of the Yakima Indian Nation,* 439 U.S. 463, 470–71, 99 S.Ct. 740, 746, 58 L.Ed.2d 740 (1979).

Because Tyndall was sentenced by a Nebraska state court that had jurisdiction to do so, and because he demonstrates no federal constitutional violations, habeas corpus cannot issue. *See, e.g., Wainwright,* 464 U.S. at 83, 104 S.Ct. at 381.

The judgment is affirmed.