**UNITED STATES of America, Plaintiff,**

v.

**Pierre MERRICK, Defendant.**

**No. CR 89–0–112.**

United States District Court,
D. Nebraska.

March 27, 1991.

Michael P. Norris, Asst. U.S. Atty., Lincoln, Neb., for the U.S.

John W. Wagstaffe, III, Omaha, Neb., for defendant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on the magistrate's report and recommendation (Filing No. 33), and the defendant's objection to such report (Filing No. 34). The magistrate has recommended that defendants' motion for writ of habeas corpus (Filing No. 32), construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, should be denied.

■ The defendant, a member of the Omaha Tribe of Indians, was convicted and sentenced for assault with a dangerous weapon with intent to do bodily harm under 18 U.S.C. §§ 1153 and 113(c), following his plea of guilty to that charge. The defendant now asserts that his conviction and sentence should be overturned, because the Court was without jurisdiction over his crime which was committed on Indian territory.

■ The Court has carefully reviewed the magistrate's report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 49(B). The magistrate has thoroughly traced and discussed the history relating to the issue of retrocession, i.e.,

the state's return to the federal government of jurisdiction over criminal and/or civil matters previously granted to the state by Congress. He has also correctly noted that the Eighth Circuit has implicitly reaffirmed its earlier holdings that under federal law the retrocession in Nebraska was valid and effective. *See Walker v. Rushing*, 898 F.2d 672, 674–75 (8th Cir. 1990). Therefore, it is clear that this Court had jurisdiction over the defendant's case, and that the defendant's claim is without merit. Accordingly,

IT IS HEREBY ORDERED:

1. That the magistrate's report and recommendation is adopted in its entirety; and

2. That the defendant's motion for writ of habeas corpus (Filing No. 32) is denied, and the defendant's claim is dismissed.