M. G. KELLER, FIRST AND REAL NAME UNKNOWN, ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

172 N. W. 2d 782

Filed December 5, 1969. No. 37295.

Firmin Q. Feltz and William S. Padley, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., and John P. Regan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action in eminent domain. The appeal to this court raises only the question of allowance of attorneys' fees. We affirm the judgment of the district court.

M. G. Keller and Margaret O. Keller, husband and wife, were joint owners of certain farmland, a portion of which the defendant, State of Nebraska, Department of Roads, sought to acquire for road purposes. The plaintiff Omer Parker was the tenant in possession of the Keller property. The county court appraisers made an award of $26,285.10 to the Kellers and $330 to Parker. The plaintiffs and the defendant all appealed. On trial in the district court, the jury made an award of $25,367.60 to the Kellers and of $2,983.74 to Parker. The court added interest, abstracting expenses, etc., to these items and entered judgments of $27,717.96 and $3,179.42. Costs, including attorneys' fees allowed Omer Parker in the sum of $750, were taxed to defendant. The court found that the verdict for Kellers was for a lesser amount than had been awarded them by the appraisers and refused to allow any attorney's fees for these plaintiffs. Plain-

tiffs assign the refusal to allow attorneys' fees as error.

Section 76-720, R. R. S. 1943, provides: "* * * if appeal is taken by both parties and the final judgment is greater in any amount than the award, the court may in its discretion award to the condemnee a reasonable sum for the fees of his attorney * * *." Plaintiffs maintain that the term "final judgment" permits the inclusion of interest and entitles them to an allowance of attorneys' fees; and that since the jury verdict on the combined claims of Parker and the Kellers was greater than the combined appraisers' award, they are entitled to such fees.

The matter could be simply and readily determined on the basis that the statute specifically makes the allowance of such fees discretionary with the court. Under the circumstances present, there was not an abuse of discretion. We feel, however, that for the benefit of future litigants, the contentions of plaintiffs should be more fully considered.

The interests of the landowners and their lessee in an eminent domain action are entirely different. A landowner is entitled to recover the value of land taken and damages sustained by reason of the depreciation in value of the remainder. A lessee or tenant is entitled to recover for his interest in growing crops destroyed and any depreciation in the value of his leasehold. The right of recovery of a lessee has an entirely different and separate basis from that of the nonoccupying owner. Both the parties and the claims are different. Either may arrive at a settlement with the condemner, accept the award of the appraisers, or appeal, independently of the other. Each receives a separate award or judgment. Under such circumstances, it is clear that the claims of a lessee and an absentee landlord are not sufficiently related to warrant the tacking together of their awards to justify the allowance of attorneys' fees.

Article I, section 21, Constitution of Nebraska, provides: "The property of no person shall be taken or

damaged for public use without just compensation therefor." Eminent domain proceedings are designed with a view to complying with this constitutional provision and this fundamental precept must be kept in mind in construing statutes dealing with the process of eminent domain. The purpose is to ensure "just compensation" for property taken for public use and that is the maximum for which recovery may be had. It may be readily observed that if a property owner is obliged to undergo expensive litigation to recover "just compensation" and can obtain a judgment or award only for his actual loss, his net recovery will be materially less than the amount of his loss if he is obliged to pay the expense of litigation out of the amount recovered. Section 76-720, R. R. S. 1943, as amended at the 1963 session of the Legislature, was designed to correct this situation. At the time of its passage, the Legislature also included certain provisions designed to prevent an abuse of the more liberal amendment regarding the allowance of attorneys' fees. It was provided that when a condemnee appealed, the final recovery must be greater by 15 percent than the original award, or if both parties appealed and the recovery did not equal the award, the allowance of attorneys' fees was not authorized. It also provided that if the condemner only appealed, the allowance of fees was authorized unless the final recovery was 15 percent less than the original award. These provisions are in a sense penalties designed to discourage nonmeritorious appeals. If the condemner unsuccessfully appeals from a fair award, it can be saddled with attorneys' fees. The same is true with an unsuccessful appeal by the condemnee in that he will then be obliged to pay his own expenses of litigation.

Attorneys' fees are allowed and taxed as costs. Costs as a general rule are given to the prevailing party. See 20 C. J. S., Costs, § 8, p. 266, § 9, p. 269. This common law precept is recognized by statute in Nebraska. See §§ 25-1708 and 25-1710, R. R. S. 1943. "In determining the legislative intent, all statutes relating to the same

subject should be construed and considered together."
City of Grand Island v. Ehlers, 180 Neb. 331, 142 N.
W. 2d 770. When a condemnee appeals from an award
made by appraisers in the county court and recovers a
lesser sum in the district court, he cannot be considered
to be the "prevailing party."

The use of the term "final judgment" cannot serve
to pervert the obvious legislative intent. "A judgment
is the final determination of the rights of the parties in
an action." Ricketts v. Continental Nat. Bank, 169 Neb.
809, 101 N. W. 2d 153. The primary right of a con-
demnee is to recover for property taken. The right to
recover interest on the amount of the award in the
absence of a prompt settlement is secondary and de-
rivative in nature. In view of the history of this
statute and the apparent legislative intention, we find
that the term "final judgment" refers only to the final
amount recovered as damages, exclusive of interest.
" 'In construing a statute, the court must look to the ob-
ject to be accomplished, the evils and mischief sought
to be remedied, or the purpose to be subserved, and
place on it a reasonable or liberal construction which
will best effect its purpose rather than one which will
defeat it.' " Kinney Loan & Finance Co. v. Sumner,
159 Neb. 57, 65 N. W. 2d 240. "The intention of the
Legislature when ascertained will prevail over the
literal sense of the words used and this is especially true
when the strict letter of the law would lead to injustice
or absurdity. In interpreting a statute the legislative
intent may be found from the reason of the enactment."
Halstead v. Rozmiarek, 167 Neb. 652, 94 N. W. 2d 37.
"When the intent of the Legislature is clear, it is the
duty of the courts to construe it in accordance with such
intent. A sensible construction will be placed upon it to
effectuate the object of the legislation rather than a
literal meaning that would have the effect of defeating
the legislative intent." Tom & Jerry, Inc. v. Nebraska

Liquor Control Commission, 183 Neb. 410, 160 N. W. 2d 232.

The judgment of the district court is affirmed.

AFFIRMED.