REQUESTED BY: Senator Gary E. Hannibal
1: Does the proposed legislation attached to the opinion request permit the establishment of de novo branch offices in foreign states by Nebraska state-chartered savings and loan associations?
2: Would such legislation duplicate current Nebraska law?
3: Does the proposed legislation attached to the opinion request permit the establishment of de novo branch offices in Nebraska by savings and loan institutions chartered by foreign states?
4: Would the proposed legislation duplicate existing Nebraska law?
5: Does the proposed legislation attached to the opinion request permit the establishment of a branch office by merger or acquisition in a foreign state by a Nebraska state-chartered savings and loan association?
6: Would the proposed legislation duplicate current Nebraska law?
7: Does the proposed legislation attached to the opinion request permit the establishment of a branch office by merger or acquisition in Nebraska by a savings and loan institution chartered by a foreign state?
8: Would the proposed legislation duplicate current Nebraska law?
Yes.
Not exactly.
Yes.
Not exactly.
Yes.
Not exactly.
Yes.
Not exactly.
Attached to your opinion request is a draft of legislation that you are proposing. In your request you ask if the proposed legislation specifically permits the establishment of a de novo branch office in a foreign state by a Nebraska state-chartered savings and loan association. Your proposed legislation would amend Neb.Rev.Stat. §8-331 by adding in part the following language:
 "The certificate of approval shall designate the location of the main office of such association, which shall be within this state, and the location of each branch office approved by the department, which branch offices may be either within or without this state. . ."
Thus, the language of the proposed legislation would specifically permit the establishment of a de novo branch office in a foreign state.
Additionally, you ask if the proposed legislation would duplicate current Nebraska law. In Attorney General's Opinion No. 87010, dated January 26, 1987, this office previously advised you that state-chartered savings and loans may operate in states other than Nebraska. Your proposed legislation, while duplicating the effect of current Nebraska law which is implied by prior Nebraska Supreme Court holdings, would clarify to some extent the law in the area. However, by failing to specify the standards that the Nebraska Department of Banking and Finance are to apply in determining whether or not to authorize a branch, the Department would be required to continue to evaluate such applications on the basis of the standards implied in prior court decisions.
You also ask if your proposed legislation would specifically permit the establishment of a de novo branch office in Nebraska by a savings and loan institution chartered by a foreign state. Your proposed legislation would also amend Neb.Rev.Stat. § 8-343 to in part read: "A foreign building and loan association may establish one or more branch offices in this state, either newly established or by acquisition of or merger with an existing association." Thus, the language of your proposed legislation would specifically permit the establishment of a de novo branch office in Nebraska by a savings and loan institution chartered by a foreign state.
Your request then asks if your proposed legislation would duplicate existing Nebraska law regarding the establishment of a de novo branch office in Nebraska by a savings and loan institution chartered in a foreign state. In order to answer your question, it is necessary to further interpret existing statutes in the area. As guidance to this interpretation, we are instructed by the Nebraska Supreme Court that:
In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it.
Keller v. State, 184 Neb. 853, 172 N.W.2d 782 (1969). In the current atmosphere of "deregulation" of the national financial industry, a liberal interpretation will best effect the purpose of the State legislature by insuring that the Department of Banking and Finance is able to supervise the ever expanding operations of foreign financial institutions operating in Nebraska.
Under Neb.Rev.Stat. § 8-343 as it presently reads, a foreign savings and loan association is authorized to transact business in Nebraska only after it procures a certificate of authority from the Department of Banking and Finance. In the statute, the Department is granted the power to request from a savings and loan seeking to transact business in Nebraska information touching upon its affairs. Thus, the Department can currently request information that would be required under your proposed legislation. Also, because the present statute does not limit foreign savings and loan associations as to the nature of the business they may transact, current law can be construed to include the operation of branch facilities. However, your proposed legislation does include some specific standards by which the Department can determine whether or not to allow a foreign savings and loan association to establish a de novo branch office. Thus, although current law exists authorizing such branches, your legislation would make explicit what is presently implicit and would specify the standards the Department is to use.
Your opinion request also asks if your proposed legislation permits the establishment of a branch office by merger or acquisition in a foreign state by Nebraska state-chartered savings and loan associations. Your proposed legislation would amend Neb.Rev.Stat. § 8-331 to read in part:
Branch offices, whether within or without this state, may be either newly established or by acquisition of or merger with another existing Nebraska or foreign association. Any association may seek to establish additional branch offices, whether within or without this state either newly established or by acquisition of or merger with another Nebraska or foreign association, by making application for a certificate of approval under this section.
Thus, your proposed legislation does permit the establishment of a branch office by merger or acquisition in a foreign state by a Nebraska state-chartered savings and loan association.
You additionally ask if your proposed legislation authorizing the establishment of a branch office by merger or acquisition in a foreign state by a Nebraska state-chartered savings and loan association duplicates current Nebraska law. Nebraska associations currently may merge or acquire other associations under Nebraska statutes authorizing consolidation of savings and loans. Neb.Rev.Stat. §8-349 and 8-383. Neither of those statutes expressly are limited to consolidations with other associations located only in Nebraska. Thus, it appears that those statutes could be used to authorize consolidation with associations in other states. Moreover, in First Federal Savings and Loan Association v. Department of Banking, 187 Neb. 562,192 N.W.2d 736 (1971), the Nebraska Supreme Court held that Nebraska statutes implied the power of the Department to approve or disapprove the establishment and operation of branch offices of savings and loan associations chartered and operated under the laws of Nebraska and that the departmental approval was necessary before establishing a branch office. Nothing either in Neb.Rev.Stat. § 8-331 or in the Supreme Court's holding limits the effect of that holding or the statute to establishment of branches only in Nebraska. In reviewing an application for a branch office, the Department considers among several factors the economic impact upon the association by the proposed establishment of a branch office. If the establishment of a branch office were to appear to jeopardize the safety and soundness of the association, the Department would deny the application. Additionally, plans for consolidation of associations are likewise subject to approval by the Department. Thus, as was indicated in the prior Attorney General's Opinion No. 87010, so long as the establishment of a branch office in another state accomplished by merger or acquisition complied with current statutes designed to protect the public and guard against economically destructive competition, such establishment of a branch office may be approved by the Department. Your proposed legislation will expressly accomplish the same result although it fails to specify the application of the current standard used to determine whether to allow the establishment of a branch by merger or acquisition such as the jeopardy to the safety or soundness of the association.
You also ask if your proposed legislation permits the establishment of a branch office by merger or acquisition in Nebraska by a savings and loan institution chartered by a foreign state. Your legislation proposes an amendment to the existing version of Neb.Rev.Stat. § 8-343 by providing in part: "A foreign building and loan association may establish one or more branch offices in this state, either newly established or by acquisition of or merger with an existing association." Thus, the proposed legislation will expressly permit the establishment of a branch office by merger or acquisition in Nebraska by a savings and loan institution chartered by a foreign state.
You also ask if the proposed legislation would duplicate current Nebraska law as to the question in the preceding paragraph. Pursuant to Neb.Rev.Stat. § 8-349 and 383, state-chartered savings and loan associations may consolidate with other savings and loans. Those statutes contain no limitations that the savings and loan to be merged with has to be a Nebraska chartered savings and loan association. Therefore a foreign savings and loan association may merge with a state-chartered savings and loan. Additionally, as was previously noted, pursuant to Neb.Rev.Stat. § 8-343 foreign savings and loan associations may transact business in Nebraska if they have a permit from the Department to do so. No specific limitation is contained within the statute authorizing the transaction of business in Nebraska by foreign savings and loans. Therefore, the foreign savings and loan association may merge with or acquire a Nebraska chartered savings and loan association so long as it complies with other statutes. Thus, your proposed legislation will specifically authorize what may be accomplished presently by implication and give specific guidelines as to the standards that are to be applied by the Department in determining whether or not to allow a merger or acquisition.
Sincerely,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General