STATE OF NEBRASKA EX REL. EDWARD A. FICK AND KATHLEEN F.
FICK, APPELLEES AND CROSS-APPELLANTS, V. SUSAN MILLER
ET AL., APPELLANTS AND CROSS-APPELLEES.

560 N.W.2d 793

Filed March 28, 1997.    No. S-95-502.

Dan Alberts, of DeMars, Gordon, Olson, Recknor & Shively, for appellants.

Max G. Dreier, of Dreier Law Office, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and CHEUVRONT, D.J.

CAPORALE, J.

The plaintiffs-appellees and cross-appellants, relators Edward A. Fick and Kathleen F. Fick, seek an alternative writ of mandamus commanding the defendants-appellants and cross-appellees, Larry Kaczor, Karen Sladek, Mark Durre, Rod Gartner, Wayne Green, and Bruce Waldo, the duly elected and qualified members of the board of education of Holt County School District No. 137, to either reimburse relators the cost of transporting their son to his high school class or provide him with transportation, and to do the same with respect to any other of their children as might in the future attend a school in that district. Susan Miller, the superintendent of the district, was originally named a defendant, but was later dismissed pursuant to stipulation. The district court in part dismissed the petition and in part granted an alternative writ and taxed costs against

the defendants, including "the amount of attorneys fees for the benefit of the relators' attorney to be determined in a supplementary proceeding at a later date . . . ." The defendants appealed to the Nebraska Court of Appeals. The relators cross-appealed. Under our authority to regulate the caseloads of this court and the Court of Appeals, we, on our own motion, removed the matter to our docket. We now dismiss the appeal for lack of jurisdiction.

Given that attorney fees taxed as costs are part of a judgment, *Muff v. Mahloch Farms Co., Inc.*, 186 Neb. 151, 181 N.W.2d 258 (1970), the district court's unusual treatment of the issue requires that we initially consider whether we have jurisdiction over this appeal, see *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996) (irrespective of whether raised by parties, appellate court has power and duty to determine jurisdiction). It is axiomatic that for an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *State ex rel. Keener v. Graff*, 251 Neb. 571, 558 N.W.2d 538 (1997).

The question is whether an order granting an attorney fee in an amount to be determined at some future time constitutes a final, appealable order. Our precedent suggests not.

For example, we have held that a judgment which looks to the future in an attempt to judge the unknown is a conditional judgment and as such is wholly void because it does not perform in praesenti and leaves to speculation and conjecture what its final effect may be. *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995). We thus concluded in *Dietz* that a judgment imposing a fine which could be reduced by the defendant's actions was not final. In *Bass v. Dalton*, 218 Neb. 379, 355 N.W.2d 225 (1984), we observed that an order granting an accounting does not become final until the accounting is conducted.

Courts that have considered the precise question now before us have concluded that a final judgment for money must specify the amount awarded. *U.S. v. Schaefer Brewing Co.*, 356 U.S. 227, 78 S. Ct. 674, 2 L. Ed. 2d 721 (1958) (final judgment for money must, at the least, determine amount or specify means

for determining amount); *Lee Way Motor Freight, Inc. v. Welch*, 764 P.2d 191 (Okla. 1988) (money judgment must state with certainty amount to be paid); *Roach v. Roach*, 164 Ohio St. 587, 132 N.E.2d 742 (1956); *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678 (Tex. App. 1991) (judgment awarding unascertainable amount not final). We adopt that reasoning and hold that in order to be final, a judgment for money must specify the amount awarded or specify the means for determining the amount.

Because the judgment here leaves the amount of the attorney fees to be awarded undetermined, the judgment is not final, and we consequently lack jurisdiction to entertain this appeal.

APPEAL DISMISSED.