IN RE APPLICATION OF SANITARY AND IMPROVEMENT DISTRICT NO. 384 OF DOUGLAS COUNTY, NEBRASKA, TO CERTAIN EASEMENTS IN DOUGLAS COUNTY, NEBRASKA, BY EMINENT DOMAIN TO BE OWNED AND USED BY CONDEMNOR FOR ITS CORPORATE PURPOSES. SANITARY AND IMPROVEMENT DISTRICT NO. 384 OF DOUGLAS COUNTY, NEBRASKA, APPELLEE, V. BRUHNS PACKING COMPANY, APPELLANT, AND BANK OF ELKHORN ET AL., APPELLEES.

589 N.W. 2d 542

Filed February 26, 1999.   No. S-97-1076.

Gregory C. Scaglione and Amy B. Blumenthal, of Koley, Jessen, Daubman & Rupiper, P.C., for appellant.

David L. Welch, of Gaines, Mullen, Pansing & Hogan, for appellee SID No. 384.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The landowner, Bruhns Packing Company (BPC), argues that the compensation it received for a temporary and permanent easement was inadequate because it was not allowed to introduce evidence concerning the loss of vegetation located on the condemned land and because the jury was specifically instructed to disregard any possible value such vegetation might have added to the fair market value of the land.

After trial, BPC filed a motion for attorney fees, expert witness fees, prejudgment interest, and costs. The district court failed to rule on this motion before BPC filed its notice of appeal.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998).

## FACTS

In 1995, Sanitary and Improvement District No. 384 of Douglas County, Nebraska (SID), decided to construct an interceptor and outfall sanitary sewerline over, upon, and under BPC's property. Thereafter, SID attempted to enter into an agreement with BPC as to the value of the acquisition of a permanent and temporary easement, but the parties were unable to reach an agreement. SID filed a petition to condemn BPC's property, and a board of appraisers was appointed to assess the damages to BPC. The board of appraisers assessed the damages as $31,850, and BPC appealed to the Douglas County District Court.

A jury found that BPC had been damaged in the amount of $40,000. On September 23, 1997, BPC filed a motion for attor-

ney fees, expert witness fees, prejudgment interest, and costs, pursuant to Neb. Rev. Stat. §§ 25-1708 (Reissue 1995) and 76-711 and 76-720 (Reissue 1996). BPC claimed that it was entitled to be compensated $10,822 in attorney fees, $7,705 in expert witness fees, $8,236.86 in prejudgment interest, and $383.88 in costs. On October 7, 3 days before the notice of appeal had to be filed, the motion was heard and the matter was taken under advisement. The district court failed to rule upon the motion before the notice of appeal was filed on October 10.

## ASSIGNMENTS OF ERROR

BPC claims that the district court erred (1) by refusing to admit evidence regarding damage to vegetation caused by the taking; (2) by refusing to give BPC's requested jury instructions regarding vegetation damages and by instructing the jury to disregard vegetation damages; (3) by refusing to admit evidence concerning SID's notice of acquisition; (4) by dismissing BPC's claim that Neb. Rev. Stat. §§ 76-706 and 76-707 (Reissue 1996) are unconstitutional; and (5) by failing to sustain BPC's motion for attorney fees, expert witness fees, prejudgment interest, and costs prior to the deadline for appeal.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Notwithstanding whether or not the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998). In the absence of a judgment or order finally disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *State ex rel. Fick v. Miller*, 252 Neb. 164, 560 N.W.2d 793 (1997).

BPC filed its motion for fees, interest, and costs pursuant to §§ 25-1708, 76-711, and 76-720. For purposes of this opinion, we need review only the request for attorney fees pursuant to § 76-720. Section 76-720 provides in part that if the condemnee takes an appeal and obtains an award that is at least 15 percent more than that granted by the appraisers, then the court, in its discretion, may award the condemnee a reasonable sum for the fees of his or her attorney. See, also, *Lincoln Branch, Inc. v. City of Lincoln*, 245 Neb. 272, 512 N.W.2d 379 (1994); *Keller v. State*, 184 Neb. 853, 172 N.W.2d 782 (1969).

The issue is whether absent a ruling on the motion for attorney fees, the order from which BPC appealed is a final, appealable order. We conclude that until the district court rules on at least the portion of the motion pertaining to attorney fees, there is no final, appealable order.

In *Keller v. State, supra,* and in *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997), we held that awards of attorney fees in condemnation cases are allowed and are taxed as costs. Moreover, Neb. Rev. Stat. § 76-726 (Reissue 1996) supports the conclusion of *Keller v. State* and *Abboud v. Papio-Missouri River NRD* that attorney fees are considered costs in condemnation proceedings. Section 76-726 allows for the court to award costs, disbursements, and expenses to a condemnee who seeks a review of a condemnation award. Included in the definition of costs, disbursements, and expenses are reasonable attorney, appraisal, and engineering fees. Thus, awards for attorney fees in condemnation cases are allowed and are taxed as costs.

Next, we consider whether costs are considered separately or as part of a judgment. In *Muff v. Mahloch Farms Co., Inc.*, 186 Neb. 151, 181 N.W.2d 258 (1970), the issue on appeal was whether an award of costs could be retaxed by the district court after appeal. The appellant claimed that costs taxed in the district court were part of the judgment of that court and that after the term in which the judgment was entered, they could not be vacated or modified except in the manner authorized by statute. In deciding this issue, we overruled any contradictory case law and made it clear that an award of costs was to be considered part of the judgment.

An award of attorney fees in a condemnation case is taxed as costs, and costs are considered part of the judgment. Therefore, an award of attorney fees in condemnation cases should also be considered part of the judgment. The failure of the district court to rule on BPC's motion left a portion of the judgment unresolved, and consequently, the order from which BPC appealed is not final. See *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997) (order is final when no further act of trial court is required to dispose of cause).

Similar facts were presented in *State ex rel. Fick v. Miller, supra.* There, parents of a child sought a writ of mandamus against the board of education of their child's school. The district court in part dismissed the parents' petition and in part granted the writ and taxed costs against the defendants, including " 'the amount of attorneys fees for the benefit of the relators' attorney to be determined in a supplementary proceeding at a later date . . . .' " *State ex rel. Fick*, 252 Neb. at 165, 560 N.W.2d at 795. After determining that attorney fees taxed as costs were part of a judgment, we concluded that the judgment could not be a final, appealable order, since it did not specify the amount of attorney fees to be awarded and indicated that the amount would be determined at a future date.

In the case at bar, BPC filed a motion for attorney fees that has not been ruled on by the district court. Once BPC filed the motion in question, it placed at issue an award of attorney fees. This issue must be resolved before there is a final, appealable order. Because the order from which BPC appealed is not final and appealable, we dismiss the present appeal for lack of jurisdiction.

APPEAL DISMISSED.