17 Neb. App. 801
DENNIS P. McCAUL, APPELLANT,
v.
BRANDIE N. McCAUL, APPELLEE.
No. A-08-615.
Court of Appeals of Nebraska.
Filed July 28, 2009.
Christopher A. Pfanstiel, of Lewis & Pfanstiel, P.C., L.L.O., for appellant.
Jill R. Cunningham, of Howard F. Ach Law Office, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Brandie N. McCaul sought modification of custody of the parties' minor child, claiming that Dennis P. McCaul, the child's father and initial custodial parent, wrongfully denied visitation. Dennis appeals from the district court's order placing custody with Brandie. Because the issue of guardian ad litem (GAL) fees was unresolved as of the date Dennis appealed, Dennis did not appeal from a final order, and we therefore lack jurisdiction to consider this appeal.

BACKROUND
Dennis and Brandie were previously married and are the parents of a minor child. Pursuant to a divorce decree entered on May 16, 2006, custody of the minor child was placed with Dennis subject to Brandie's reasonable rights of visitation.
On May 31, 2007, Brandie filed a "Complaint to Modify Decree." In an amended complaint, Brandie requested that she receive primary custody of the minor child because Dennis had denied visitation. After a trial on December 11, 2007, and January 31 and April 28, 2008, the court placed permanent custody of the minor child with Brandie.
While the proceedings were ongoing, on January 31, 2008, the court on its own motion appointed a GAL for the minor child to conduct an investigation. The order provided as follows regarding payment of the GAL:
The costs of the appointment shall be borne as follows. Each party shall deposit the sum of $200.00 with the clerk of the court for Saunders County, not later than March 1, 2008. Saunders County will pay the remainder of the GAL fees, subject to an order in which the court shall apportion those fees for reimbursement to Saunders County, between the parties.
Subsequently, pursuant to a May 5, 2008, order, the district court placed permanent custody of the minor child with Brandie. Neither the May 5 order nor any previous order disposed of the issue of gAl fees. On May 6, the GAL filed an "Application for Attorney Fees." On May 8, the court ordered that Saunders County pay the GAL $1,972.50, which included the $400 the parties had previously deposited, and further ordered that "Saunders County shall be reimbursed by the parties in an amount and manner to be determined by the [c]ourt until paid in full." The May 8 order also set a hearing on reimbursement for June 30. Dennis filed this appeal on June 4. At the June 30 hearing, the court ordered that each party pay $500 in GAL fees.

ASSIGNMENTS OF ERROR
Because we resolve this appeal on jurisdictional grounds, we do not reach Dennis' assignments of error. However, we note that Dennis assigns, reordered and consolidated, that the district court erred in (1) granting Brandie's complaint to modify the decree "prior to the conclusion of [his] case in chief" or "granting . . . any temporary custody motion . . . after only approximately 15 minutes of cross-examination of [Brandie] by [Dennis'] counsel," (2) failing to apply the standard applicable to a consent decree, (3) granting Brandie's first amended complaint to modify at the conclusion of the evidence, and (4) finding that there was a material change in circumstances.

STANDARD OF REVIEW
[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. In re Interest of Anaya, 276 Neb. 825, 758 N.W.2d 10 (2008).

ANALYSIS
[2] Brandie argues that this court does not have jurisdiction to consider the instant appeal because Dennis appealed from an order which failed to dispose of the issue of GAL fees. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009). Brandie insists that Dennis' appeal filed on June 4, 2008, was premature because the district court did not make a final determination regarding the payment of GAL fees until June 30. We agree. Although Dennis appealed from a type of order which can be final and appealable, the specific order from which Dennis appealed was not a final, appealable order because the issue of GAL fees had not yet been resolved.
[3-6] Ordinarily, an order modifying a dissolution decree to grant a permanent change of child custody would be final and appealable as an order affecting a substantial right made during a special proceeding. Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. Kilgore v. Nebraska Dept. of Health & Human Servs., supra. This appeal falls within the second category. Special proceedings entail civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. Platte Valley Nat. Bank v. Lasen, 273 Neb. 602, 732 N.W.2d 347 (2007). Modification of child custody does not fall within chapter 25. Proceedings regarding modification of a marital dissolution, which are controlled by Neb. Rev. Stat. § 42-364 (Reissue 2008), are special proceedings. Likewise, custody determinations, which are also controlled by § 42-364, are considered special proceedings. Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009). Whether a substantial right of a parent has been affected by an order is dependent upon both the object of the order and the length of time over which the parent's relationship with the child may reasonably be expected to be disturbed. See id. Where child custody is modified on a permanent basis, the order clearly affects a substantial right.
[7] However, an order affecting a substantial right made during a special proceeding is not a final order unless it disposes of all issues implicated. When multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving other issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. Wagner v. Wagner, 275 Neb. 693, 749 N.W.2d 137 (2008). See, Huffman v. Huffman, 236 Neb. 101, 459 N.W.2d 215 (1990) (divorce decree resolving issue of permanent custody but reserving issue of visitation is not final order); Johnson v. Johnson, 15 Neb. App. 292, 726 N.W.2d 194 (2006) (order modifying child custody but failing to resolve closely related issue of child support is not final order). Although this principle has been applied most often in the context of a special proceeding, the same principle is also generally true for other orders which are normally final and appealable. See, Mumin v. Dees, 266 Neb. 201, 663 N.W.2d 125 (2003) (order which affects substantial right in action which determines action and prevents judgment); Clarke v. Nebraska Nat. Bank, 49 Neb. 800, 69 N.W. 104 (1896) (order which affects substantial right made on summary application in action after judgment is rendered).
[8] The order from which Dennis appeals is not a final, appealable order because it failed to resolve the issue of GAL fees, which, where they are implicated, are costs that must be determined prior to the entry of a final order. Pursuant to Neb. Rev. Stat. § 42-358 (Reissue 2008), GAL fees are "costs." Costs are considered part of the judgment. Smeal Fire Apparatus Co. v. Kreikemeier, 271 Neb. 616, 715 N.W.2d 134 (2006). When a trial court has failed to resolve the issue of costs where it has been raised, there can be no final, appealable order. See State ex rel. Fick v. Miller, 252 Neb. 164, 560 N.W.2d 793 (1997). Most often, this issue arises in the context of attorney fees, which are usually also considered as costs. In State ex rel. Fick v. Miller, the Nebraska Supreme Court determined that a district court's order which reserved the issue of attorney fees for a supplementary proceeding was not a final, appealable order. Similarly, in In re Application of SID No. 384, 256 Neb. 299, 303, 589 N.W.2d 542, 545 (1999), the Nebraska Supreme Court determined that the district court's failure to rule on a motion for attorney fees "left a portion of the judgment unresolved" and was therefore not a final, appealable order. Thus, the remaining question is whether the issue of GAL fees was implicated.
In the instant case, we conclude that the court's January 31, 2008, order raised the issue of GAL fees and required the court to take further action to resolve the issue. The January 31 order stated that the county would pay the GAL fees but that the court would later determine the parties' obligation to reimburse the county. The plain language of § 42-358 makes it clear that, in light of this order, the district court could not fully resolve the issue of GAL fees without entering a further order that determined the obligations of the parties. Section 42-358(1) provides in part as follows regarding the trial court's duty to fix and apportion GAL fees: "The court shall by order fix the fee, including disbursements, for such attorney, which amount shall be taxed as costs and paid by the parties as ordered. If the court finds that the party responsible is indigent, the court may order the county to pay the costs." Thus, the court was required to determine the total amount of the fee to be taxed to each party or make a finding that the parties could not afford to pay the fee. In the instant case, the district court did not complete this process until June 30, when it fixed the fee that each party would pay. Thus, there was no final, appealable order until June 30, which was after Dennis filed his appeal. Because the May 5 order from which Dennis appeals was not a final, appealable order, we lack jurisdiction over the instant appeal.

CONCLUSION
Because the order from which Dennis attempted to appeal was not a final, appealable order, we lack jurisdiction to consider the merits of this appeal.
APPEAL DISMISSED.