same—it is the arrangement of those questions into the elements of negligence that has changed.

Peterson's appeal was dismissed for failure to state a claim, with the district court's concluding that Kings Gate owed no duty to Peterson. At this stage in the proceedings, we conclude that Peterson has stated a claim for relief that is plausible on its face and therefore survives a motion to dismiss. Kings Gate did owe a duty under § 40 of the Restatement; it remains for the finder of fact to determine whether Kings Gate breached that duty. As such, we reverse the decision of the district court granting Kings Gate's motion to dismiss, and remand the cause for further proceedings.

## CONCLUSION

The decision of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., not participating.

———————

CREDIT MANAGEMENT SERVICES, INC., APPELLANT,
v. LORINDA JEFFERSON, APPELLEE.

___ N.W.2d ___

Filed April 10, 2015.    No. S-14-545.

1. **Judgments: Costs: Appeal and Error.** The standard of review for an award of costs is whether an abuse of discretion occurred.
2. **Judgments: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court must resolve independently of the trial court.
4. ____: ____. Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.
5. ____: ____. An appellate court does not consider a statute's clauses and phrases as detached and isolated expressions. Instead, the whole and every part of the statute must be considered in fixing the meaning of any of its parts.
6. **Statutes.** Statutes which change or take away a common-law right must be strictly construed.

7. ____. Any statutory construction restricting or abolishing common-law rights should not be adopted, unless the plain words of the statute compel such result.

Appeal from the District Court for Douglas County, Duane C. Dougherty, Judge, on appeal thereto from the County Court for Douglas County, Thomas K. Harmon, Judge. Judgment of District Court reversed, and cause remanded with directions.

John M. Guthery, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., for appellant.

No appearance for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

Under certain circumstances, Neb. Rev. Stat. § 25-1708 (Cum. Supp. 2014) provides for the award of costs to plaintiffs in actions for the recovery of money. Pursuant to this statute, Credit Management Services, Inc. (CMS), filed a motion for costs in its action for the recovery of money against Lorinda Jefferson. She had voluntarily paid CMS' claim after the action was filed but before a judgment was entered.

The county court interpreted § 25-1708 as precluding the award of costs to a plaintiff where he or she received a voluntary payment from the defendant after the action was filed but before a judgment was entered. The county court overruled CMS' motion for costs, and on appeal, the district court affirmed the county court's determination that CMS was not entitled to costs. We conclude that CMS was entitled to costs. Therefore, we reverse the order of the district court and remand the cause with directions.

## SCOPE OF REVIEW

[1,2] The standard of review for an award of costs is whether an abuse of discretion occurred. *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly

untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Fisher v. PayFlex Systems USA*, 285 Neb. 808, 829 N.W.2d 703 (2013).

[3] Statutory interpretation is a question of law, which we must resolve independently of the trial court. *In re Interest of Nedhal A.*, 289 Neb. 711, 856 N.W.2d 565 (2014).

## FACTS

Jefferson owed $277.50 to a cash advance company, which assigned the debt to CMS. After unsuccessfully making a demand for payment, CMS filed a complaint for the recovery of money in county court. Prior to the entry of judgment, Jefferson voluntarily paid CMS the amount sought in the complaint.

On August 12, 2013, CMS filed a motion for costs pursuant to § 25-1708. CMS sought a judgment against Jefferson for the costs of the action, which totaled $56.06.

The county court overruled CMS' motion for costs and dismissed CMS' complaint with prejudice. The court determined that § 25-1708 excluded an award of costs "when there have been voluntary payments made after the action is filed '**but before judgment**.'" (Emphasis in original.)

CMS appealed the county court's judgment to the district court. It assigned, consolidated and restated, that the county court erred in interpreting § 25-1708 to preclude the award of costs to CMS. On May 22, 2014, the district court affirmed the judgment of the county court.

CMS timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENT OF ERROR

CMS assigns, consolidated and restated, that the district court erred in interpreting § 25-1708 to preclude the award of costs to CMS where Jefferson voluntarily paid CMS' claim after the action was filed but before a judgment was entered.

## ANALYSIS

The question presented is whether a plaintiff in an action for the recovery of money is entitled to costs where he or she received a voluntary payment from the defendant after the action was filed but before a judgment was entered. To answer this question, we must interpret the language of § 25-1708, which governs the award of costs to plaintiffs in such actions.

Section 25-1708 is an embodiment of the common-law rule that "[c]osts as a general rule are given to the prevailing party." See *Keller v. State*, 184 Neb. 853, 856, 172 N.W.2d 782, 785 (1969). Until 2009, § 25-1708 did not provide for any exceptions to this general rule. See § 25-1708 (Reissue 2008). It stated in its entirety:

> Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property.

See *id*.

In 2009, the Legislature amended § 25-1708. See 2009 Neb. Laws, L.B. 35, § 11. In its current form, § 25-1708 states:

> Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, except as waived or released in writing by the plaintiff, upon a voluntary payment to the plaintiff after the action is filed but before judgment, or upon a judgment in favor of the plaintiff, in actions for the recovery of money only or for the recovery of specific real or personal property.

[4-7] The instant appeal presents our first opportunity to interpret § 25-1708 since it was amended. In doing so, we apply basic principles of statutory interpretation. Absent a statutory indication to the contrary, we give words in a statute their ordinary meaning. *Coffey v. Planet Group*, 287 Neb. 834, 845 N.W.2d 255 (2014). "We do not consider a statute's clauses and phrases '""as detached and isolated expressions.""' Instead, '""the whole and every part of the statute must be

considered in fixing the meaning of any of its parts.'"'" *Fisher v. PayFlex Systems USA*, 285 Neb. 808, 817-18, 829 N.W.2d 703, 712 (2013). "[S]tatutes which change or take away a common-law right must be strictly construed." *Spear T Ranch v. Knaub*, 269 Neb. 177, 195, 691 N.W.2d 116, 133 (2005). Any statutory construction restricting or abolishing common-law rights should not be adopted, unless the plain words of the statute compel such result. *Id*.

CMS argues that under § 25-1708, it is entitled to costs, because Jefferson, the defendant, voluntarily paid CMS' claim after the action was filed but before there was a judgment. We agree.

A plain reading of § 25-1708 establishes that in actions for the recovery of money, a plaintiff is entitled to costs (1) where he or she received a voluntary payment from the defendant after the action was filed but before judgment or (2) where there was a judgment in favor of the plaintiff. In both of these scenarios, the plaintiff has recovered from the defendant and can be considered the prevailing party. In this way, § 25-1708 remains consistent with the common-law rule regarding costs, of which the statute is an embodiment. See *Keller v. State, supra*.

The fact that § 25-1708 includes the word "except" indicates that there is an exception to the statute. But this exception is limited to a plaintiff's waiver or release of costs in writing. The only time "except" is mentioned in § 25-1708 is as part of the phrase "except as waived or released in writing by the plaintiff." This phrase is offset from the surrounding phrases by commas, and it is not followed by the conjunction "and" or "or." It constitutes a complete phrase that must be read independently of the phrases that follow it.

We specifically reject the county and district courts' interpretation that in addition to the exception for the waiver or release of costs in writing, § 25-1708 provides for an exception where the defendant voluntarily paid the plaintiff's claim after the action was filed but before a judgment was entered. Such an interpretation would restrict the common-law right to costs where the plain language of the statute does not so compel.

The grammatical structure of § 25-1708 is such that if there were an exception that applied in the case of a voluntary payment, there would also be an exception that applied where there was a judgment in the plaintiff's favor. The exact language of the statute is as follows: "upon a voluntary payment to the plaintiff after the action is filed but before judgment, *or* upon a judgment in favor of the plaintiff." (Emphasis supplied.) The conjunction "or" is used to indicate "the synonymous, equivalent, or substitutive character of two words or phrases." See Webster's Third New International Dictionary of the English Language, Unabridged 1585 (1993). The use of the word "or" in § 25-1708 thus signals that a plaintiff who has not waived or released costs in writing is in the identical position, for purposes of recovering costs, whether he or she obtained a judgment in his or her favor or simply received a voluntary payment after the action was filed but before a judgment was entered. Because these two scenarios must be treated as equivalent, the interpretation adopted by the county and district courts, which would deny costs to all plaintiffs who received voluntary payments prior to a judgment, would also deny costs to all plaintiffs who obtained judgments in their favor.

But to deny costs to all plaintiffs who obtained judgments in their favor would be to deprive those plaintiffs of the common-law right of a prevailing party to recover costs. See *Keller v. State*, 184 Neb. 853, 172 N.W.2d 782 (1969). Any statutory construction restricting or abolishing common-law rights should not be adopted, unless the plain words of the statute compel such result. *Spear T Ranch v. Knaub*, 269 Neb. 177, 691 N.W.2d 116 (2005). In the case of § 25-1708, the plain language does not compel that all plaintiffs who obtained judgments in their favor should be deprived of costs. The plain language compels only that such plaintiffs should be denied costs where they have waived or released costs in writing.

In summary, a plain reading of § 25-1708 establishes that the scope of the exception to § 25-1708 is limited to a plaintiff's waiver or release of costs in writing. This plain reading is reaffirmed by the fact that the broader exception adopted

by the county and district courts would restrict the common-law right to costs where the plain language does not so compel. Accordingly, we hold that § 25-1708 has but one exception and that the exception is limited to a plaintiff's waiver or release of costs in writing. The Legislature has provided that in an action for the recovery of money, if an individual makes a voluntary payment prior to judgment but does not obtain a written waiver or release of costs from the plaintiff, the plaintiff is entitled to costs under § 25-1708. The wisdom of this policy is for the Legislature, and our role is to determine the plain meaning of the statute.

In the instant case, Jefferson voluntarily paid CMS' claim after the action was filed but prior to the entry of judgment. CMS did not waive or release costs in writing. As such, under § 25-1708, CMS was entitled to its costs in the action. By affirming the order of the county court that overruled CMS' motion for costs, the district court deprived CMS of its statutory right to costs and thereby abused its discretion. We therefore reverse the order of the district court, and we remand the cause with directions for the district court to direct the county court to enter an order awarding CMS its costs in this action.

## CONCLUSION

For the foregoing reasons, we reverse the order of the district court that affirmed the order of the county court which overruled CMS' motion for costs. We remand the cause with directions for the district court to direct the county court to enter an order awarding CMS its costs in this action.

Reversed and remanded with directions.